IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | : | |
| | : | |
| v. | : | Case No. JKB-22-439 |
| | : | |
| DAVID WARREN, | : | |
| | : | |
| Defendant | : | |

## OMNIBUS MOTION TO SUPPRESS FRUITS OF WARRANTLESS SEARCHES AND SEIZURES

Defendant David Warren ("Mr. Warren"), by and through his counsel, John M. McKenna, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress any evidence obtained pursuant warrantless searches and seizures in violation of the Fourth Amendment to the United States Constitution and any other applicable law. In support of this Motion, counsel state as follows:

1. On December 15, 2022, the Government filed a one-count Indictment charging Mr. Warren and five others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Indictment, ECF No. 1.) The Indictment alleges that beginning in or about 2014 and continuing until on or about the date of the Indictment, Mr. Warren conspired with others to conduct and participate in the affairs of the Black Guerilla Family ("BGF"). The Indictment alleges 48 overt acts in furtherance of the charged conspiracy.

1

2.      The materials provided by the Government in discovery indicate that throughout the investigation of this case, law enforcement executed several warrantless searches and seizures of Mr. Warren's person and his property. Those warrantless searches and seizures include, but are not limited to, the following: (1) a May 31, 2016 warrantless arrest and search of David Warren in or around the 1200 block of E. Lafayette Avenue; (2) a May 2, 2018 warrantless arrest and search of David Warren in or around the 1200 block of E. Lafayette Avenue; (3) a July 23, 2018 search and seizure of David Warren conducted by members of the Baltimore County Police Department; and (4) an August 16, 2018 warrantless arrest and search of David Warren in or around the 1200 block of E. Lafayette Avenue.[1]

3.      At this time, Mr. Warren moves to suppress the fruits of any and all warrantless searches and seizures conducted of his person or property, as well as any evidence derived therefrom. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches are presumptively unreasonable "except in certain carefully defined classes of cases." *Cady v. Dombrowski*, 413 U.S. 433, 439 (1973) (internal quotation marks omitted).

---

[1] The discovery in this case is voluminous. Mr. Warren requests that the Government identify any and all warrantless searches and seizures from which it obtained evidence it intends to introduce at trial. Mr. Warren intends to challenge all such warrantless searches and seizures as to which he has standing.

"A warrantless search by the police is invalid unless it falls within one of the narrow and well-delineated exceptions" to the Fourth Amendment's warrant requirement. *Flippo v. West Virginia*, 528 U.S. 11, 13 (per curiam). The Government bears the burden of proof in justifying a warrantless search or seizure. *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984); *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013).

4. The warrantless searches and seizures at issue in this case do not fall within any of the narrow exceptions to the warrant requirement of the Fourth Amendment. Accordingly, the fruits of those searches and seizures, and evidence derived therefrom, must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963)

5. The discovery materials indicate that events related to certain of the warrantless searches and seizures referenced above were captured on law enforcement body worn camera footage.[2] As of the filing of this Motion, Mr. Warren has not received all of that footage in discovery. Mr. Warren has requested that the Government produce those materials. Mr. Warren understands that the Government intends to produce those materials as it locates them. Accordingly, Mr. Warren

---

[2] As to the August 16, 2018 warrantless search and seizure, Mr. Warren has reason to believe that certain events were also captured on a recording device worn by an officer operating in an undercover capacity. Mr. Warren has not received that footage and discovery and has requested that the Government produce it.

respectfully requests leave to supplement this Motion and intends to incorporate those materials into any reply in support of this Motion.

6. For these reasons, Mr. Warren moves to suppress the fruits of any and all warrantless searches and seizures of his person and property, as well as any evidence derived therefrom.

7. Mr. Warren respectfully requests a hearing on this Motion.

                Respectfully submitted,

                s/_____
                John M. McKenna
                Michael E. Lawlor
                Adam C. Demetriou
                Brennan, McKenna & Lawlor, Chtd.
                6305 Ivy Lane
                Suite 700
                Greenbelt, Maryland  20770
                301-474-0044
                mlawlor@verizon.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

_____/s/_____
John M. McKenna