IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND : | |
| : | |
| v. : | Case No. JKB-22-439 |
| : | |
| DAVID WARREN, : | |
| : | |
| Defendant : | |

## MOTION TO SUPPRESS FRUITS OF CELL PHONE SEARCHES

Defendant David Warren ("Mr. Warren"), by and through his counsel, John M. McKenna, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress all evidence derived from the searches of three cell phones seized from him. In support of this Motion, counsel state as follows:

1. On December 15, 2022, the Government filed a one-count Indictment charging Mr. Warren and five others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Indictment, ECF No. 1.) The Indictment alleges that beginning in or about 2014 and continuing until on or about the date of the Indictment, Mr. Warren conspired with others to conduct and participate in the affairs of the Black Guerilla Family ("BGF"). The Indictment alleges 48 overt acts in furtherance of the charged conspiracy.

1

2.      On May 2, 2018, Mr. Warren was the subject of a warrantless arrest and search.[1] In the course of the arrest and search, officers recovered an iPhone from him. More than two years later, on October 22, 2020, Sergeant Joseph Landsman of the Baltimore Police Department applied for and received a warrant to search the contents of that phone. *See* Ex. A.

3.      On August 16, 2018, Mr. Warren was the subject of a warrantless search and arrest in the 1200 block of E. Lafayette Avenue.[2] According to the information provided in discovery, at the time of the stop and arrest, Mr. Warren had been driving a Toyota Avalon. Officers searched the vehicle and recovered, among other items, a black iPhone and a black LG phone. More than two years later, on September 25, 2020, Sergeant Joseph Landsman of the Baltimore Police Department applied for and received a warrant to search the contents of those phones. *See* Ex. B.[3]

4.      At this time, Mr. Warren moves to suppress the fruits of the searches of these three cell phones. First, the evidence obtained from the searches of these cell phones must be suppressed because the Government's delay in obtaining search warrants for these phones after seizing them was unreasonable and violated the

---

[1] Mr. Warren has moved to suppress the fruits of that search and seizure.
[2] Mr. Warren has moved to suppress the fruits of that search and seizure.
[3] The copy of this warrant provided in discovery is not signed by a judicial officer. Mr. Warren requests that the Government produce a signed copy of the warrant as well as the return.

Fourth Amendment. Second, the warrants lack particularity and are overbroad in scope. The warrants authorized the search of the *entire* contents of the phones: no application, timeframe, or type of data was off limits to investigators. The Fourth Amendment protects against the type of unrestricted and invasive searches that took place here. Third, the affidavits in support of the warrants failed to establish probable cause to conduct the searches. Accordingly, all evidence obtained or derived from the searches and seizure of these phones must be suppressed.

5. The phones at issue were seized from Mr. Warren without a warrant on May 2, 2018 and August 16, 2018. Law enforcement waited more than two years before obtaining warrants to search the contents of these cell phones. Mr. Warren has challenged the lawfulness of the initial warrantless seizures of these phones. If those motions to suppress are granted, this Motion becomes moot. Nonetheless, the seizure of electronic devices, even if initially proper, becomes unconstitutional if law enforcement acts with unreasonable delay in securing a warrant. *See* U.S. Const. amend. IV ("right of the people to be secure ... against unreasonable searches ... shall not be violated"); *United States v. Pratt*, 915 F.3d 266, 271 (4th Cir. 2019) (observing that "a seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable searches.'") (quotations and citation removed). In fact, "even a seizure based on

probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant." *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009) (quotations and citation removed); *see also United States v. Respress*, 9 F.3d 483, 488 (6th Cir. 1993) ("even with the existence of probable cause to effect a seizure, the duration of the seizure pending the issuance of a search warrant must still be reasonable."). To determine if an extended seizure violates the Fourth Amendment, the Court must balance the government's interest in the seizure against the individual's possessory interest in the object seized. *Pratt*, 915 F.3d at 271. There is "no bright line past which a delay becomes unreasonable." *United States v. Burgard*, 675 F.3d 1029, 1033 (7th Cir. 2012). It has been determined that "fifteen days is a considerable period" of delay "which weighs in [the defendant's] favor." *United States v. Mays*, 993 F.3d 607, 617 (11th Cir. 2021). Courts have recognized that "'[i]n some circumstances...we would normally expect police officers to secure a search warrant in considerably less time than' eleven days." *United States v. Smith*, 967 F.3d 198, 206 (2d Cir. 2020) (internal citation omitted). Even a six-day delay may not be reasonable under certain circumstances. *See Pratt*, 915 F.3d at 272, n.6 (citing *Burgard*, 675 F.3d at 1033-34).

6.   In *Pratt*, the United States Court of Appeals for the Fourth Circuit held that a 31-day delay in obtaining a warrant to search the content of a cell phone after law enforcement had seized the phone without a warrant was unreasonable and that

4

the district court erred in denying the defendant's motion to suppress. *Pratt*, 915 F.3d at 273. Mr. Warren's case involves delays of *more than two years* for which there is no reasonable explanation. As early as 2018, law enforcement was investigating Mr. Warren in connection with a number of alleged offenses. The affidavits in support of the 2020 warrants state that on September 24, 2018, law enforcement received a warrant for historical cell cite records for a phone associated with Mr. Warren. By the time officers applied for that warrant, they already had in their possession the phones at issue in this Motion, yet they inexplicably waited two additional years before obtaining warrants to search the contents of those phones.

7. The good faith exception does not save these unconstitutional searches. According to the information provided in the warrants, as of 2020, the affiant, Sergeant Landsman, was a 20-year veteran of the Baltimore Police Department who had been cross-designated to an FBI task force. Any reasonable officer, especially an officer with this amount of experience, would know that a delay of more than two years in obtaining a search warrant was unreasonable. *See, e.g.*, *United States v. Nguyen*, No. 1:19-cr-00004-JAJ-HCA-2, 2021 U.S. Dist. LEXIS 70671, at *10 (S.D. Iowa Mar. 16, 2021) (rejecting a good faith argument advanced by the Government and holding "that an objectively reasonable officer would have known that the delay, which the court found in this case was anywhere for 4 months to 27 months,

5

amounted to a violation of the Fourth Amendment"). The fruits of the searches of these cell phones, and any evidence derived therefrom, must be suppressed.

8. Even if this Court were to find that the more than two-year delay in obtaining these warrants was reasonable, the warrants are still too broad and generalized to comply with the Fourth Amendment. Under the Fourth Amendment a warrant must be supported by probable cause and "particularly describe[e] the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Probable cause means a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause is location specific: a judicial officer may not approve a warrant unless she has "a substantial basis for concluding that probable cause exist[s] to search a particular place for evidence of a specific crime." *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020). The "particularity requirement protects against a general, exploratory rummaging in a person's belongings, to the extent that a valid warrant leaves nothing to the discretion of the officers performing the search." *United States v. Kimble*, 855 F.3d 604, 610 (4th Cir. 2017). The warrants to search the contents of the cell phones do not meet this constitutional standard. The warrants afforded officers unfettered discretion to search any and all electronic communications and data, stored data, and phone records. The warrants contain no temporal limitation on the evidence to be seized. The warrants also generally refer

to an ongoing investigation of Mr. Warren but do not state with particularity the specific offenses under investigation or the connection between the phones to be searched and those offenses. Because these warrants are so facially deficient as to preclude reasonable reliance on them, the good faith exception does not apply.

9. For these reasons, any evidence obtained or derived from the searches conducted pursuant to these warrants must be suppressed.[4]

10. Mr. Warren respectfully requests a hearing on this Motion.

                                              Respectfully submitted,

                                              s/_____
                                              John M. McKenna
                                              Michael E. Lawlor
                                              Adam C. Demetriou
                                              Brennan, McKenna & Lawlor, Chtd.
                                              6305 Ivy Lane
                                              Suite 700
                                              Greenbelt, Maryland  20770
                                              301-474-0044
                                              mlawlor@verizon.net

---

[4] As the defense investigation of this case is incomplete, Mr. Warren respectfully reserves the right to move for suppression of evidence based on grounds not immediately discernable such as, but not limited to, the principles articulated in *Franks v. Delaware*, 438 U.S. 154 (1978).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

_____/s/_____
John M. McKenna