IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE OF MARYLAND** | : | |
| | : | |
| v. | : | Case No. JKB-22-439 |
| | : | |
| **DAVID WARREN,** | : | |
| | : | |
| **Defendant** | : | |

## OMNIBUS MOTION TO SUPPRESS FRUITS OF SEARCHES CONDUCTED PURSUANT TO WARRANTS

Defendant David Warren ("Mr. Warren"), by and through his counsel, John M. McKenna, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress all evidence derived from the searches conducted pursuant to various warrants issued in the investigation of this case. In support of this Motion, counsel state as follows:

1.  On December 15, 2022, the Government filed a one-count Indictment charging Mr. Warren and five others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Indictment, ECF No. 1.) The Indictment alleges that beginning in or about 2014 and continuing until on or about the date of the Indictment, Mr. Warren conspired with others to conduct and participate in the affairs of the Black Guerilla Family ("BGF"). The Indictment alleges 48 overt acts in furtherance of the charged conspiracy.

1

2. The Government has disclosed that members of law enforcement applied for and received various warrants to search the person and belongings of Mr. Warren. These warrants include: a July 17, 2018 warrant to search the person of David Warren (Ex. A); a September 18, 2018 warrant to search the Instagram account "La_Meshawn" (Ex. B); a September 25, 2018 warrant to search historical cell site records for phone number 443-453-8277, a number officers believed to be associated with Mr. Warren; an April 21, 2022 warrant to search three iCloud accounts associated with Mr. Warren (Ex. C); and a May 11, 2022 warrant to search a Google account associated with Mr. Warren (Ex. D). At this time, Mr. Warren moves to suppress all evidence obtained and derived from the searches conducted pursuant to these warrants.

3. The Fourth Amendment guarantees the right of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. It further commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id*. Probable cause exists when, "given all the circumstances set forth in the affidavit . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Probable cause is location specific: a judicial officer may not approve a warrant unless she has "a

substantial basis for concluding that probable cause exist[s] to search a particular place for evidence of a specific crime." *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020). Where an affidavit in support of a search warrant contains illegally obtained information, a reviewing court excises the tainted information and assesses whether "the affidavit's other averments set forth probable cause." *United States v. Gillenwaters*, 890 F.2d 679, 681 (4th Cir. 1989). Furthermore, the "particularity requirement protects against a general, exploratory rummaging in a person's belongings, to the extent that a valid warrant leaves nothing to the discretion of the officers performing the search." *United States v. Kimble*, 855 F.3d 604, 610 (4th Cir. 2017). These warrants do not comply with requirements of the Fourth Amendment.

4. The affidavits in support of these warrants do not provide sufficient probable cause and are overly broad. As to the July 17, 2018 warrant to search Mr. Warren's person, the affidavit relies in large part on a May 2, 2018 warrantless search and seizure of Mr. Warren conducted by the Baltimore Police Department. Mr. Warren has moved to suppress the fruits of that search and seizure as having been conducted in violation of the Fourth Amendment. Any mention of the unconstitutional arrest and evidence derived therefrom should be excised from the affidavit in evaluating whether it sets forth sufficient probable cause. Moreover, the affidavit states in a conclusory manner that "[d]etectives know that both David Warren and Victim Jonus Ben are members of the Black Guerilla Family, a violent

organized street gang that operated out of Baltimore City." Ex. A. Yet the affidavit contains no statement as to the basis of that knowledge. The affidavit makes no reference to any witness or confidential informant having provided information about any association with the Black Guerilla Family. The affidavit simply does not contain sufficient facts to establish probable cause that evidence related to the alleged attempted murder would be found on the person of David Warren. Moreover, the warrant is lacking in particularity as to any search of Mr. Warren's person.

5. With respect to the September 18, 2018 warrant to search an Instagram account associated with Mr. Warren, the affidavit again relies in large part upon the unconstitutional warrantless search and seizure of Mr. Warren on May 2, 2018. While the affidavit states that unnamed detective "discovered" the existence of this Instagram account at some unknown time and believed it to be associated with Mr. Warren, there is no information to establish any nexus between the account and the attempted murder under investigation. Ex. B. The warrant is also overbroad: it authorized law enforcement to search all information associated with the account with no limitation.

6. Mr. Warren notes that as to the September 18, 2018 Instagram warrant, the return indicates that the warrant was executed on September 19, 2018. In discovery, the Government provided data seized from the subject Instagram account. That data is accompanied by an attestation from a custodian of records dated

February 5, 2020. If there was a subsequent search of the Instagram account after September 19, 2018, Mr. Warren requests that the Government disclose information related to that search or direct him to such information in the previously provided discovery materials.

      7.     With respect to the September 25, 2018 search warrant for historical cell site records, Mr. Warren is unable to locate a copy of that warrant. The warrant is referenced in a later warrant to search the contents of a cell phone seized from Mr. Warren.[1] Mr. Warren requests that the Government provide information related to the cell site warrant so that he may prepare any appropriate motions related to it and supplement any previously filed motions.

      8.     As to the iCloud and Google warrants, those warrants are overly broad. They authorized law enforcement to search virtually all data associated with the subject accounts without any explanation either affidavit as to why evidence of the target offenses would be expected to be found in all of the various types of data to be searched. The affidavits in support of these warrants also rely in large part on evidence that was illegally obtained. For example, both affidavits rely on information seized from the unlawful search of cell phones belonging to Mr. Warren. *E.g.*, Ex. C ¶ 30; Ex. D ¶ 33. The affidavits also rely upon evidence obtained as a

---

[1] Mr. Warren has moved to suppress the fruits of the search of that cell phone.


result of the unconstitutional warrantless arrest and search of Mr. Warren on August 16, 2018.[2]

9. Because these warrants are so facially deficient as to preclude reasonable reliance on them, the good faith exception does not apply.

10. For these reasons, any evidence obtained or derived from the searches conducted pursuant to these warrants must be suppressed.[3]

11. Mr. Warren respectfully requests a hearing on this Motion.

                                Respectfully submitted,

                                s/_____
                                John M. McKenna
                                Michael E. Lawlor
                                Adam C. Demetriou
                                Brennan, McKenna & Lawlor, Chtd.
                                6305 Ivy Lane
                                Suite 700
                                Greenbelt, Maryland  20770
                                301-474-0044
                                mlawlor@verizon.net

---

[2] This arrest is also the subject of a pending motion to suppress.

[3] As the defense investigation of this case is incomplete, Mr. Warren respectfully reserves the right to move for suppression of evidence based on grounds not immediately discernable such as, but not limited to, the principles articulated in *Franks v. Delaware*, 438 U.S. 154 (1978).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

_____/s/_____
John M. McKenna