IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | : | |
| | : | |
| v. | : | Case No. JKB-22-439 |
| | : | |
| DAVID WARREN, | : | |
| | : | |
| Defendant | : | |

## OMNIBUS MOTION TO SUPPRESS IN-COURT AND OUT-OF-COURT IDENTIFICATIONS

Defendant David Warren ("Mr. Warren"), by and through his counsel, John M. McKenna, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 12(b)(3) to suppress all evidence and exclude all testimony relating to alleged pretrial photographic, show up, or line up identifications of him by Government witnesses. Mr. Warren also moves to preclude any attempted in-court identifications of him by those witnesses. In support of this Motion, counsel state as follows:

1. On December 15, 2022, the Government filed a one-count Indictment charging Mr. Warren and five others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Indictment, ECF No. 1.) The Indictment alleges that beginning in or about 2014 and continuing until on or about the date of the Indictment, Mr. Warren conspired with others to conduct and participate in the affairs of the Black

1

Guerilla Family ("BGF"). The Indictment alleges 48 overt acts in furtherance of the charged conspiracy.

2. The materials provided by the Government in discovery indicate that as relates to Overt Act 10, several witnesses were shown photographic arrays containing a photograph of Mr. Warren. The materials further indicate that several witnesses identified Mr. Warren from those arrays as the individual who committed a shooting on May 30, 2016. These materials are redacted. Accordingly, Mr. Warren does not know the identities of the witnesses to whom the arrays were shown and has not been able to review the photographs shown to those witnesses.[1]

3. "The vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification." *United States v. Wade*, 388 U.S. 218, 228 (1967) (footnote omitted); *see also United States v. Crews*, 445 U.S. 463, 472 (1980) (referring to "the vagaries of human memory and the inherent suggestibility of many identification procedures"). For that reason, the Supreme Court has ruled that due process "protects the accused against the introduction of evidence of, or tainted by, unreliable pretrial identification obtained through unnecessarily suggestive procedures." *Moore v. Illinois*, 434 U.S. 220, 227

---

[1] The discovery in this case is voluminous. Mr. Warren intends to challenge all pretrial identifications of him made by Government witnesses. Mr. Warren requests that the Government identify all such identification procedures and provide full discovery related to them, including any audio and video recordings of the identification procedures.

(1977); *see also Stovall v. Denno*, 388 U.S. 293, 302 (1967) (recognizing that an identification may be "so unnecessarily suggestive and conducive to mistaken irreparable identification" as to deny a defendant due process of law). When assessing whether a witness' pretrial identification of a defendant should be excluded on due process grounds, a court must first determine whether "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). If the procedure was impermissibly suggestive, the court must then determine whether, under the totality of the circumstances, the identification may still be considered reliable. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972).

4. Mr. Warren anticipates that the evidence at a hearing will show that the identification procedures used by law enforcement were both impermissibly suggestive and otherwise unreliable such that the admission of any evidence and testimony at trial concerning those procedures would violate due process.

5. The Court should also preclude any in-court identification of Mr. Warren by any witness who participated in an impermissibly suggestive or unreliable pretrial identification procedure. The Supreme Court has held that after an earlier pretrial identification procedure has been found impermissibly suggestive or otherwise unreliable, a subsequent in-court identification is permissible only if

not "tainted" by the improper pretrial identification. *United States v. Crews*, 445 U.S. 463, 471–73 (1980). Here, any in-court identification of Mr. Warren would be tainted by the suggestive and unreliable pretrial identification procedures.

6. Mr. Warren requests leave to supplement this Motion as he completes his review of the discovery and once the Government identifies the pretrial and in-court identifications it intends at introduce at trial.

7. Mr. Warren respectfully requests a hearing on this Motion.

                                                             Respectfully submitted,

                                                             s/_____
                                                             John M. McKenna
                                                           Michael E. Lawlor
                                                           Adam C. Demetriou
                                                          Brennan, McKenna & Lawlor, Chtd.
                                                          6305 Ivy Lane
                                                          Suite 700
                                                          Greenbelt, Maryland  20770
                                                          301-474-0044
                                                          mlawlor@verizon.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

_____/s/_____
John M. McKenna