IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE OF MARYLAND | : | |
| | : | |
| v. | : | Case No. JKB-22-439 |
| | : | |
| DAVID WARREN, | : | |
| | : | |
| Defendant | : | |

## MOTION FOR DISCLOSURE OF MATERIALS RELATED TO LAW ENFORCEMENT WITNESSES

Defendant David Warren ("Mr. Warren"), by and through his counsel, John M. McKenna, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), for the disclosure of all information tending to impeach any law enforcement officer or agent the Government may seek to call as a witness at any hearing or trial in this case. In support of this Motion, counsel state as follows:

1.    On December 15, 2022, the Government filed a one-count Indictment charging Mr. Warren and five others with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Indictment, ECF No. 1.) The Indictment alleges that beginning in or about 2014 and continuing until on or about the date of the Indictment, Mr. Warren conspired with others to conduct and participate in the affairs of the Black

1

Guerilla Family ("BGF"). The Indictment alleges 48 overt acts in furtherance of the charged conspiracy.

2.  In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilty or punishment, irrespective of the good faith or bad faith of the prosecution." The Supreme Court has made clear that due process requires that evidence tending to impeach Government witnesses be disclosed to a defendant in a criminal case. *Giglio v. United States*, 405 U.S. 150 (1972). Generally, such evidence must be disclosed in time for a defendant to make effective use of it at trial. *See, e.g.*, *United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009). While it is common practice in this District for *Giglio* disclosures to be due only weeks before trial, in this case, there is good reason to require earlier disclosure of *Giglio* material related to law enforcement witnesses.

3.  The investigation in this case spanned several years. Both state and federal law enforcement agencies participated in it. The discovery provided by the Government and publicly available materials reveal that as to several law enforcement officers involved in the investigation, there is substantial information tending to impeach their credibility. For example, on July 13, 2015, former Baltimore Police Department Detective Daniel Hersl took part in law enforcement

activity related to the search of a 'Safe Streets' office location at 2312 E. Monument Street. Law enforcement reports indicate that Mr. Warren was present at the premises, where contraband materials were located. Mr. Hersl was later convicted of racketeering offenses related to his employment with the Baltimore Police Department. *See generally United States v. Hersl*, No. GLR-17-106 (D. Md.). On May 2, 2018, Mr. Warren was interviewed at a police station by former Baltimore Police Department Detective James Lloyd. On August 24, 2020, Mr. Lloyd was indicted in the Circuit Court for Baltimore County and charged with kidnapping and related offenses. *See State v. Lloyd*, No. C-03-CR-20-002289. On June 15, 2022, Mr. Lloyd entered an *Alford* plea to misconduct in office. Baltimore Police Department Office Timothy Romeo conducted several warrantless searches and seizures of Mr. Warren. This Court has previously addressed the matter of *Giglio* information related to Officer Romeo in the context of another case charging racketeering offenses related to the Black Guerilla Family. *See United States v. Johnson, et al.*, No. JKB-16-363 (D. Md.). In that case, this Court had occasion to conduct an *ex parte* and *in camera* review of materials related to Officer Romeo. The Court indicated that it had authored an opinion on that very issue. 1/2/2018 Tr. at 2-3, *Johnson*, JKB-16-363 (D. Md.), ECF No. 771.

4.  Given the expansiveness of the investigation in this case as well as historical and ongoing misconduct-related problems with the Baltimore Police

Department, Mr. Warren submits that the disclosure of *Giglio* material for potential current and former law enforcement witnesses is wholly appropriate. Such disclosure would permit a fulsome defense investigation of the case. It would also promote an efficient trial in this matter.

5. Mr. Warren consents to the issuance of a protective order governing the requested materials.

6. For these reasons, Mr. Warren requests that the Court order the Government to disclose, by the date its response to the defendants' pretrial motions is due, all *Giglio* material for all current and former members of law enforcement and their agents who may be witnesses in this case.

7. Mr. Warren respectfully requests a hearing on this Motion.

                                                Respectfully submitted,

                                                s/_____
                                                John M. McKenna
                                                Michael E. Lawlor
                                                Adam C. Demetriou
                                                Brennan, McKenna & Lawlor, Chtd.
                                                6305 Ivy Lane
                                                Suite 700
                                                Greenbelt, Maryland  20770
                                                301-474-0044
                                                mlawlor@verizon.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland via ECF.

                                        _____/s/_____
                                        John M. McKenna