IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-22-0439 |
| DAVID WARREN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

David Warren docketed under a seal a Motion to Seal (ECF No. 284) and the Court's Order granting the Motion was likewise docketed under seal (ECF No. 286). Upon further review, none of the information contained in those filings merits being placed under seal, and the Clerk will be directed to unseal those documents.

Further, the Sentencing Memorandum that was the subject of the Motion to Seal and Order granting it was placed entirely under seal. (*See* ECF No. 285.) However, the Motion to Seal (ECF No. 284) was generic and did not comply with Local Rule 207.2, which provides that "[a]ny post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Further, there is a "presumption of access accorded to judicial records" that can only be rebutted if "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

The request to seal the entirety of the Sentencing Memorandum sweeps too broadly. While it is likely that portions of the Sentencing Memorandum warrant sealing, it is doubtful that the entire contents do. Accordingly, the Court will vacate its prior Order and will direct Warren to

submit a renewed and more specific motion that complies with the Local Rules and case law. In the renewed motion, Warren must either provide redactions or other alternative to sealing, or explain why such redactions or alternatives are insufficient, and why there is no alternative but to seal the entire submission. There must be citation to authority.

Accordingly, it is ORDERED that:

1. The Clerk SHALL UNSEAL the Motion to Seal (ECF No. 284) and the Court's Order granting the Motion to Seal (ECF No. 286);
2. The Sentencing Memorandum (ECF No. 285) SHALL REMAIN UNDER SEAL;
3. The Court's Order granting the Motion to Seal (ECF No. 286) is VACATED;
4. The Motion to Seal (ECF No. 284) is DENIED WITHOUT PREJUDICE; and
5. Warren SHALL FILE a renewed motion to seal by September 16, 2024.

DATED this 13th day of September, 2024.

BY THE COURT:

/S/ JAMES K. BREDAR
James K. Bredar
United States District Judge