# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | JKB-22-439 |
| DAVID WARREN | * | |
| Defendant | * | |

## PARTIAL MOTION TO SEAL DEFENDANT'S SENTENCING MEMORANDUM

Defendant David Warren, by and through his attorneys, John M. McKenna, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following Partial Motion to Seal Defendant's Sentencing Memorandum. In support of this Motion, counsel state the following.

1. On July 10, 2024, Mr. Warren pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (ECF No. 271.) On September 10, 2024, Mr. Warren filed his Sentencing Memorandum and a Motion to Seal. (ECF Nos. 284, 285.) Both documents were filed under seal. On September 11, 2024, the Court issued an Order sealing both Mr. Warren's Sentencing Memorandum and the attendant Motion to Seal. (ECF No. 286, *vacated at* ECF No. 287.) On September 13, 2024, the Court issued an Order unsealing the Motion to Seal (ECF No. 284) and the Court's Order granting the Motion to Seal (ECF No. 286). (Order, ECF No. 287.) The Court also vacated its Order granting Mr. Warren's Motion to Seal and directed

1

...

Mr. Warren to file a renewed motion to seal on or before September 16, 2024. (ECF No. 287.) The Court maintained the Sentencing Memorandum under seal pending further submissions. (*Id.*)

2. As Judge Hollander of this Court has recently observed, in this District, both "both defense counsel *and* the government routinely file motions to seal sentencing memoranda, and the motions are generally granted." *United States v. McComber*, No. ELH-21-036, 2024 U.S. Dist. LEXIS 96776, at *4 n.4 (D. Md. May 31, 2024) (emphasis in original); *see also id.* at *14 n.8 ("Generally, as noted, both the defense *and* the government submit sentencing memoranda under seal, without objection . . . And, because of the personal information that is often included in a sentencing memorandum, sealing is customary.") (emphasis in original); *see also, e.g.*, ECF No. 200 (granting motion to seal sentencing memorandum filed by a co-defendant in this case). However, "[a] sentencing memorandum is a judicial record that is presumptively accessible by the public." *McComber*, 2024 U.S. Dist. LEXIS 96776, at *24 (citing *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020); *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018)).

3. It does not appear that the Fourth Circuit has definitively addressed whether a request to seal a sentencing memorandum is evaluated under the common law standard or the more rigorous First Amendment standard. In *Harris*, 890 F.3d 480, the Fourth Circuit analyzed the denial of a motion to seal a sentencing

memorandum under the common law standard. *See also, e.g.*, *United States v. Bas*, No. JKB-16-0324, 2022 U.S. Dist. LEXIS 77927, at *5 (D. Md. Apr. 27, 2022) (noting that "sentencing memoranda are subject to the more limited presumption of access arising from the common law right to inspect and copy judicial records and documents"). However, in *Doe*, 962 F.3d at 146, the Fourth Circuit assumed without "conclusively decid[ing]," that the First Amendment standard applies to a request to seal materials filed in connection with sentencing. A "sealing involving judicial records and documents can be accomplished without violating First Amendment rights only if (1) [sealing] serves a compelling interest; (2) there is a substantial probability that, in the absence of [sealing], that compelling interest would be harmed; and (3) there are no alternatives to [sealing] that would adequately protect that compelling interest." *McComber*, 2024 U.S. Dist. LEXIS 96776, at *23 (alterations in original) (citations omitted).

4. In light of this Court's Order (ECF No. 287), Mr. Warren withdraws his request to seal the entirety of his Sentencing Memorandum. Mr. Warren has attached to this Partial Motion to Seal a proposed redacted version of the Memorandum. The proposed redactions relate primarily to two classes of information: information related to Mr. Warren's prior contacts with the Maryland juvenile justice system and information related to Mr. Warren's family members. As to the first set of proposed redactions, the juvenile matter referenced in the

Memorandum is itself sealed under Maryland law. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-8A-27. Moreover, "[a]s this Court has previously noted, there is a long and well-justified tradition in most American jurisdictions of treating juveniles accused of criminal misconduct differently from similarly situated adults, i.e.: after appropriate inquiry and a balancing of relevant interests, records and transcripts of juvenile proceedings are often kept sealed." *In re Wash. Post Motion to Open Juvenile Det. Hearing*, 247 F. Supp. 2d 761, 762 (D. Md. 2003) (Bredar, Mag. J.). Maintaining information related to Mr. Warren's juvenile matters under seal is therefore appropriate.

5.  With respect to the second set of proposed redactions, both the Fourth Circuit and district courts within it have recognized that redaction of sentencing material may be appropriate "when necessary to protect the privacy of third parties." *McComber*, 2024 U.S. Dist. LEXIS 96776, at *28 (citing *Harris*, 890 F.3d 480); *see also United States v. Fretz*, No. 7:02-CR-67-1-F, 2012 U.S. Dist. LEXIS 66014, at *9 (E.D.N.C. May 10, 2012) (granting a defendant's request to seal certain information about her minor children). Here, Mr. Warren proposes to redact information concerning his minor children and other family members.

6.  In sum, Mr. Warren has proposed redacting limited portions of his Sentencing Memorandum. The proposed redactions relate to information that various courts have found may be properly shielded from public view. The vast

majority of the Memorandum will now be available for public view. Mr. Warren has therefore proposed a reasonable alternative to sealing the entire Memorandum. Accordingly, Mr. Warren respectfully requests that this Court maintain the unredacted Sentencing Memorandum (ECF No. 285) under seal in light of the filing of a redacted version of the Memorandum.

Respectfully submitted,

/s/
_____
John M. McKenna
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044
jmckenna@brennanmckenna.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 16, 2024, a copy of the foregoing sent via ECF to all parties.

/s/
_____
John M. McKenna