# BRENNAN, McKENNA & LAWLOR, CHARTERED
## ATTORNEYS AT LAW

6305 IVY LANE, SUITE 700
GREENBELT, MARYLAND 20770
TELEPHONE (301) 474-0044
FAX (301) 474-5730

MICHAEL E. LAWLOR, ESQ., PARTNER
MLAWLOR@VERIZON.NET

September 10, 2024

The Honorable James K. Bredar
United States District Judge
District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

  Re: *United States v. David Warren*, No. JKB-22-439

Dear Judge Bredar:

  On July 10, 2024, 32-year old David Warren pled guilty to racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (Plea Agreement, ECF No. 271.) Mr. Warren has accepted responsibility for conduct in which he engaged between May 2015 and August 2018. He has been incarcerated in connection with the conduct at issue in this case since August 16, 2018. Mr. Warren's guilty plea has obviated the need for a lengthy trial. Mr. Warren and the Government jointly submit that the appropriate sentence in this case, taking into account all of the 18 U.S.C. § 3553(a) factors, is a sentence of 396 months to be adjusted downward for time that Mr. Warren has spent incarcerated in Maryland custody for conduct related to the charged racketeering conspiracy. Mr. Warren respectfully requests that this Court accept the parties' joint recommendation and impose a sentence in accordance with it.

## **Procedural Background**

  On December 15, 2022, the Government filed a one-count Indictment charging Mr. Warren and five co-defendants with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (ECF No. 1.) The Indictment alleged that

1

between 2014 and December 2022, Mr. Warren and the co-defendants conspired to participate in the affairs of the Black Guerilla Family. The Indictment set forth 48 overt acts in furtherance of the charged enterprise, including a number of acts of violence.

As is not uncommon in cases of this nature in this District, Mr. Warren had previously been charged in Maryland state courts with offenses related to the acts alleged in the federal Indictment. For example, as relates to the May 30, 2016 non-fatal shooting alleged in overt act 10 of the Indictment, Mr. Warren was charged initially in the District Court of Maryland for Baltimore City (Case No. 6B02328010) and then in the Circuit Court for Baltimore City (Case No. 116180009). Mr. Warren was held without bond on charges arising from that shooting from his arrest on May 31, 2016 until his acquittal following a jury trial on May 19, 2017.

As relates to the June 27, 2018 non-fatal shooting alleged in overt act 29 of the Indictment, Mr. Warren was initially charged in the District Court of Maryland for Baltimore County (Case No. 2C00467175) and later in the Circuit Court for Baltimore County (Case No. 03-K-18-004429). The charges in that case came weeks after Mr. Warren was arrested and held without bond on an unrelated matter in Baltimore City. On October 1, 2019, Mr. Warren pled guilty in the Circuit Court for Baltimore County to first-degree assault and use of a firearm in the commission of a crime of violence. He was sentenced to 25 years of imprisonment with all but 10 suspended and given credit for time served since his Baltimore City arrest on August 16, 2018. Mr. Warren has remained incarcerated ever since.

Mr. Warren filed a number of pretrial motions in this case. A lengthy jury trial was scheduled for late September 2024. On July 10, 2024, at what was scheduled to be the first day of a two-day motions hearing, the parties reached a Plea Agreement. Mr. Warren entered his guilty plea that morning. On August 28, 2024, the United States Probation Office filed the Presentence Investigation Report ("PSR"). (ECF No. 280.)

Sentencing is scheduled for September 17, 2024 at 2:00 p.m.

## Legal Standard

As this Court has recognized, the overarching goal of federal sentencing is to impose a sentence that is "sufficient, but not greater than necessary to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed medical care, satisfying the sentencing factors under 18 U.S.C. § 3553(a)." *United States v. Morrison*, No. 19-CR-284-PWG, 2020 WL

2

3447757, at *6 (D. Md. June 24, 2020); *see also United States v. Campbell*, No. 21-4670, 2022 WL 17336571, at *1 (4th Cir. Nov. 30, 2022) ("A sentence must be 'sufficient, but not greater than necessary,' to satisfy the statutory purposes of sentencing.") (citing 18 U.S.C. § 3553(a)).

The Supreme Court has stated that the cornerstone of federal sentencing is that the sentencing judge "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). This Court "must make an *individualized* assessment based on the facts presented when imposing a sentence, applying the relevant § 3553(a) factors to the specific circumstances of the case." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (emphasis in original) (cleaned up).

"The primacy of the district court's role in sentencing is well-settled." *United States v. McKinnie*, 21 F.4th 283, 288 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 2798 (2022). The Supreme Court has recognized that "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall v. United States*, 552 U.S. 38, 51 (2007). For those reasons, appellate courts afford great deference to a district court's factual findings at sentencing. *E.g.*, *McKinnie*, 21 F.4th at 288.

Here, when considering all the relevant factors, a sentence of 396 months of imprisonment, adjusted downward for the time Mr. Warren has already served in the related Baltimore County matter, represents a sufficient punishment for Mr. Warren's conduct, without being greater than necessary.

## Advisory Guidelines Calculation

Mr. Warren agrees that a total offense level of 43 applies in this case. Under U.S.S.G. § 2E1.1, the base offense level for unlawful conduct relating to racketeer influenced and corrupt organizations is the greater of 19 or the offense level applicable to the underlying racketeering activity. Under Application Note 1 to § 2E1.1, where there is more than one underlying offense to the racketeering activity, each underlying offense is to be treated as if contained in a separate count of conviction. As the Government noted in its Sentencing Memorandum, the advisory guidelines calculation in the Plea Agreement differs from that of the PSR because the Plea Agreement did not treat each victim of the underlying racketeering activity as comprising a separate group in accordance with § 3D1.2. (ECF No. 281

3

at 5 n.3.) Nonetheless, under either calculation, the total offense level in this case is 43.

With an offense level of 43, the advisory guidelines recommend a sentence of life imprisonment regardless of Criminal History Category. However, Mr. Warren objects to paragraph 106 of the PSR which assesses two criminal history points for a juvenile adjudication Mr. Warren sustained in January 2008 when he was 15 years old.[1] Under § 4A1.2(d)(2), two criminal history points are assessed pursuant to § 4A1.1(b) for each adult or juvenile sentence related to offenses committed prior to age 18 where a defendant was sentenced to confinement of at least 60 days and released from such confinement within five years of the commencement of the instant offense.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The PSR notes that one month later, in August 2009, Mr. Warren was confined in an adult detention center until his release on July 7, 2010. The PSR appears to treat the August 2009 – July 2010 confinement as part of the juvenile sentence, but that is not correct. In August 2009, Mr. Warren was charged as an adult with several offenses. *See* District Court of Maryland for Baltimore City Case Numbers 4B02031369, 4B02032664. In both cases, he was held without bond. Certain charges were forwarded to the Circuit Court for Baltimore City. On July 7, 2010, all charges were dismissed and Mr. Warren was released from custody.

Mr. Warren's juvenile *confinement* ended on July 13, 2009. The earliest racketeering act to which Mr. Warren pled guilty occurred on May 27, 2015, more than 5 years after Mr. Warren's release from juvenile confinement. Accordingly, Mr. Warren's juvenile sentence should not score criminal history points.[2] Without the two points for the juvenile sentence, Mr. Warren scores 7 criminal history points. One point is added under § 4A1.1(e) because Mr. Warren committed the instant offense while under a criminal justice sentence. With a total of 8 criminal history points, Mr. Warren is properly placed into Criminal History Category IV.

---

[1] The Pre-Plea Criminal History Report of March 21, 2023 did not assess points for the juvenile sentence.

[2] To the extent the Court concludes that two points for the juvenile sentence are properly assessed, Mr. Warren submits that a downward departure to Criminal History Category IV is appropriate under § 4A1.3(b). The conduct at issue in the juvenile adjudication dates back *17 years* to September 2007. At the time, Mr. Warren was just 15 years old. He is now 32 years of age.

## Mr. Warren's History and Characteristics

David Warren was born in Baltimore, Maryland on June 9, 1992.  He studied in underfunded public schools in Baltimore City. As a result of his juvenile confinement, Mr. Warren left school. Mr. Warren realized a long-held goal when he earned his GED in 2008. Most importantly, Mr. Warren is a proud father. He has remained close with his children over his last 6 years of imprisonment.



5



Mr. Warren is determined to be the type of father he never had. He is committed to changing his life for the sake of his children and to ensuring that they do not make the same choices he did. Even under his current circumstances, Mr. Warren will continue to be a presence in the lives of his children.

### **Accounting for Time Served in Related Matters**

As noted above, Mr. Warren has been incarcerated for more than 6 years in connection with the non-fatal shooting alleged in overt act 29 of the Indictment. In October 2019, Mr. Warren pled guilty to the shooting in the Circuit Court for Baltimore County and received a sentence of 25 years with all but 10 suspended. Under the terms of the Plea Agreement, the parties agree that Mr. Warren's federal sentence should be reduced by the 73 months he has been incarcerated in the Baltimore County case. The parties also agree that the sentence in the federal case should run concurrently with the Baltimore County sentence.

Mr. Warren further requests that the Court recommend in the Judgment that he receive credit for the 11 months and 19 days he spent in pretrial detention in relation to the non-fatal shooting alleged in overt act 10 of the Indictment for which he has accepted responsibility. As noted above, Mr. Warren was charged in state court in connection with this shooting and detained from May 31, 2016 through May 19, 2017. He was found not guilty after a jury trial. (PSR ¶ 147.) This period of incarceration has never been credited towards another sentence.

Under 18 U.S.C. § 3585(b), Mr. Warren is entitled to credit towards the federal sentence for "any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Here, between May 31, 2016 and May 19, 2017, Mr. Warren was in official detention in connection with charges related to the racketeering conduct to which he has pled guilty. Because Mr. Warren was acquitted in the Circuit Court for Baltimore City, the 11 months he served were not credited towards another sentence. He is therefore entitled to credit for this time towards the federal sentence.

### **The Recommended Sentence Serves the Purposes of Sentencing**

The conduct at issue in this case is of the utmost seriousness. A number of victims suffered physical injuries, and three tragically lost their lives. There is no excuse for this conduct. Mr. Warren has fully accepted responsibility for his

7

actions. He knows that this Court must impose a serious punishment. Mr. Warren submits that the recommended sentence is appropriate in this case.

For a case of such complexity, Mr. Warren accepted responsibility relatively early. Mr. Warren pled guilty before the commencement of the pretrial motions hearing. As a result of Mr. Warren's guilty plea, the Government was not required to make Jencks and *Giglio* disclosures that would have exposed a number of cooperating or otherwise sensitive witnesses. The victims and their families will not be required to endure a lengthy jury trial.

Mr. Warren has been incarcerated for more than 6 years. Under the parties' joint recommendation, he will still have a lengthy term of incarceration left to serve and will not be released until he is well into his 50s. The recommended sentence thus promotes both deterrence and the safety of the community.

Perhaps most importantly, the negotiated disposition in this case affords a measure of closure for the victims and the community.

## **Conclusion**

On behalf of Mr. Warren, we respectfully ask this Court to impose the jointly recommended sentence of 396 months of imprisonment to be adjusted downward by 73 months and to run concurrently with the sentence imposed in Baltimore County Circuit Court Case No. 03-K-18-004429. Mr. Warren also asks that this Court recommend to the Bureau of Prisons that he receive credit for the 11 months he spent in pretrial detention on charges related to overt act 10 because that time was not credited toward any other sentence. Mr. Warren requests that the Court designate the Maryland Division of Correction as the location where he will begin serving his federal sentence.

Thank you for your time and attention to this matter.

Sincerely,

\_\_\_\_\_/s/_____
Michael E. Lawlor
John M. McKenna
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane Suite 700
Greenbelt, MD 20770
(301) 474-0044
mlawlor@verizon.net

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 10, 2024, a copy of the foregoing was electronically filed under seal and served on all parties by email.

                                                  \_\_\_\_\_/s/_____
                                                 Michael E. Lawlor